# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3626

_____

Kirk Knight; Heather Knight, as     \*
Parents and Legal Guardians of     \*
their minor child J.N.K.,     \*
    \*
    Appellants,     \*
    \* Appeal from the United States
    v.     \* District Court for the Eastern
    \* District of Missouri.
Washington School District,     \*
    \* [UNPUBLISHED]
    Appellee.     \*

_____

Submitted: April 15, 2011
Filed: April 27, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kirk and Heather Knight appeal from the district court's[1] dismissal of their action under the Individuals with Disabilities Education Act (IDEA), in which they sought review of an administrative hearing officer's pre-hearing determination that their due process complaint notice was insufficient. Upon de novo review, see Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008), we conclude that the district

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

court properly dismissed the action for lack of jurisdiction. <u>See</u> 20 U.S.C. §§ 1415(c) (governing procedure for hearing officer's pre-hearing determination of sufficiency of due process complaint notice), (f) (governing impartial due process hearings), (i)(2)(A) ("any party aggrieved by the findings and decisions made under subsection (f) or (k) . . . and . . . findings and decision made under this subsection" shall have right to bring civil action in federal district court); S. Rep. 108-185 (2003) ("[t]here should be no hearing or appeal in regard to the hearing officer's determination" of sufficiency of notice); <u>see also</u> Mo. Rev. Stat. §§ 162.962 (permitting party to seek judicial review of hearing panel's "decision"), 162.961.3 (indicating "decision" is one reached when, "[a]fter review of all evidence presented and a proper deliberation," hearing panel "by majority vote determine[s] its findings, conclusions, and decision in the matter in question"); <u>Ernst & Ernst v. Hochfelder</u>, 425 U.S. 185, 200-01 (1976) (in cases of statutory interpretation, language of statute controls when it is sufficiently clear in context). We conclude, however, that the dismissal should have been without prejudice. <u>See</u> <u>Cty. of Mille Lacs v. Benjamin</u>, 361 F.3d 460, 464-65 (8th Cir. 2004) (district court generally barred from dismissing case with prejudice if it concludes subject-matter jurisdiction is lacking).

Accordingly, we modify the dismissal to be without prejudice, and affirm the dismissal as modified. <u>See</u> 8th Cir. R. 47B.

_____